IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH MICHAEL WHITE JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-21-1904 |
| STACY AMPARO, et al., | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

The above-titled civil rights complaint was received by the Court on July 29, 2021, along with Plaintiff's Motion for Leave to Proceed in Forma Pauperis, which the Court now grants.

At the time of filing, Plaintiff was incarcerated in the Baltimore County Detention Center awaiting trial in case C-03-CR-19-3405 in the Circuit Court for Baltimore County. ECF No. 1 at 3. The Complaint seeking monetary damages and release from custody concerns Plaintiff's assertion that he has been held in custody too long without a merits trial. *Id.* Shortly after filing the Complaint, Plaintiff pleaded guilty to the charges pending against him on August 2, 2021. *See* Case No. C-03-CR-19-3405, https://casesearch.courts.state.md.us/casesearch/ (last visited on September 24, 2021).

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

The claim against the two judges named as defendants is barred by judicial immunity. The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). Therefore, the Complaint as to Defendants Cahill and Purpura must be dismissed.

Similarly, the Complaint must be dismissed as to the remaining defendants, an assistant State's Attorney and the State's Attorney for Baltimore County, against whom Plaintiff makes no allegations. A complaint must provide enough detail to describe the nature of the claim and to allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe the pleadings of self-represented plaintiffs liberally, plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

Even if the Court construes Plaintiff's allegations as against the State's Attorneys, they are entitled to immunity. Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S.

118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The attorneys' prosecution of Plaintiff's criminal case is within their prosecutorial functions and therefore the claim against Assistant State's Attorney Amparo and State's Attorney Shellenberger is dismissed.

Although self-represented plaintiffs are often provided an opportunity to amend a complaint if an amendment would correct a pleading defect, Plaintiff will not be provided such an opportunity in this case. Ordinarily a complaint asserting constitutional violations in connection with an arrest and detention might be stayed pending resolution of the underlying criminal case, *see Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). However, in light of Plaintiff's recent guilty plea in the relevant criminal proceeding, a challenge to his detention is not cognizable in a § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed); *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment).

Because the complaint seeks monetary relief from defendants who are immune from such relief and otherwise fails to state a claim upon which relief may be granted, the Complaint must be dismissed. A separate Order follows.

11/5/2021
Date

GEORGE J. HAZEL
United States District Judge